IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERTO CANDELARIO                                                                PLAINTIFF

   v.   Civil No. 06-5188

DEPUTY GRANT; and
SHERIFF KEITH FERGUSON                                                        DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Roberto Candelario, a former inmate of the Benton County Detention Center (BCDC), brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. His complaint was filed in forma pauperis (IFP) and it is now determined whether it should be served upon the defendants.

### I. Background

On approximately August 24, 2006, Candelario was incarcerated at the BCDC on a charge of illegal re-entry into the country. *Addendum* at ¶ 1. Candelario contends he was standing near the door to his cell when Deputy Grant used excessive force against him. *Complaint* at page 4; *Addendum* at ¶ 2. Specifically, Candelario alleges Grant twisted his right arm and tackled him to the floor. *Complaint* at page 4.

Candelario alleges he did not resist Grant in anyway. *Addendum* at ¶ 3. Candelario suffered a "gash" to his right elbow. *Complaint* at page 4. He sought medical treatment as a result of the injury. *Addendum* at ¶ 4.

### II. Discussion

Candelario's claim against Sheriff Keith Ferguson is subject to dismissal. Candelario has not alleged Sheriff Ferguson personally violated his constitutional rights.

A claim of deprivation of a constitutional right cannot be based on a respondeat superior

theory of liability. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). In other words, Sheriff Ferguson cannot be held liable merely because he employed Grant.

There is no allegation that Sheriff Ferguson was involved in any way in the actions taken by Grant or was even present when the use of force occurred. *See e.g., Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)(§ 1983 liability requires personal involvement or an allegation that the supervisor had knowledge of the unconstitutional conduct and turned a blind eye to it); *Fruit v. Norris*, 905 F.2d 1147, 1151 (8th Cir. 1990)(supervisors not liable under respondeat superior theory, supervisor must be personally involved in, deliberately indifferent to, or tacitly authorize the constitutional violation). Further, Candelario has not alleged that the BCDC operated pursuant to a policy or custom that violated his constitutional rights. *See e.g., Pietrafeso v. Lawrence County*, 452 F.3d 978, 982 (8th Cir. 2006)("A county is liable [under § 1983] if an action or policy itself violated federal law, or if the action or policy was lawful on its face but led an employee to violate a plaintiff's rights and was taken with deliberate indifference as to its known or obvious consequences.")(citation omitted). Thus, Candelario's claim against Sheriff Ferguson is subject to dismissal.

### III. Conclusion

I therefore recommend Candelario's claims against Sheriff Ferguson be dismissed on the grounds that the claims are frivolous and fail to state claims. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time). However, we note that service of the complaint on Deputy Grant will be directed by separate order.

**Candelario has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Candelario is**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of February 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**